GAS 245B      (Rev. 11/23) Judgment in a Criminal Case
DC Probation

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| JC Longoria Castro | Case Number:   5:23CR00007-1 |
| | USM Number:   75251-509 |
| | Robert Brian Tanner and Susan Pedrick McWilliams |
| | Defendant's Attorneys |

**THE DEFENDANT:**

☒ pleaded guilty to Count      1      .

■ pleaded nolo contendere to Count(s) _____ which was accepted by the court.

■ was found guilty on Count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2 | Money laundering | December 31, 2021 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

■ The defendant has been found not guilty on Count(s) _____

☒ Counts  1, 8, 12, 13, 14, 15, and 53  of the Indictment (5:21CR0009-5) shall be dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

October 9, 2024
Date of Imposition of Judgment

Signature of Judge

LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE
Name and Title of Judge

October 15, 2024
Date

GAS 245B          (Rev. 11/23) Judgment in a Criminal Case                                          Page 2 of 6
DC Probation

DEFENDANT:              JC Longoria Castro
CASE NUMBER:            5:23CR00007-1

# PROBATION

You are hereby sentenced to probation for a term of: <u>5 years.</u>

## MANDATORY CONDITIONS

1.      You must not commit another federal, state, or local crime.
2.      You must not unlawfully possess a controlled substance.
3.      You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release
        from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance
        abuse.  *(Check, if applicable.)*
4.      ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
        restitution.  *(Check, if applicable.)*
5.      ☒ You must cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*
6.      ■ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as
        directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
        reside, work, are a student, or were convicted of a qualifying offense.  *(Check, if applicable.)*
7.      ■ You must participate in an approved program for domestic violence.  *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached
page.

GAS 245B        (Rev. 11/23) Judgment in a Criminal Case                                                          Page 3 of 6
DC Probation

DEFENDANT:            JC Longoria Castro
CASE NUMBER:         5:23CR00007-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as a nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting permission from the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified that person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provide me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____        Date _____

DEFENDANT:              JC Longoria Castro
CASE NUMBER:            5:23CR00007-1

## SPECIAL CONDITIONS OF SUPERVISION

1. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information.  The probation office may share financial information with the U.S. Attorney's Office.

2. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

3. You must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment.  You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

4. You must inform any employer or prospective employer of your current conviction and supervision status.

5. You must submit your person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

6. You will be debarred from receiving a temporary labor certification from the Department of Labor under the H-2A program for a period of 3 years commencing at the end of the 30-day period immediately following the date of sentencing. You will be debarred and disqualified under the U.S. Department of Labor's regulations at 20C.F.R. § 655.182, for a period of 3 years commencing at the end of the 30-day period immediately following the date of sentencing.

GAS 245B          (Rev. 11/23) Judgment in a Criminal Case                                                    Page 5 of 6
DC Probation

DEFENDANT:           JC Longoria Castro
CASE NUMBER:         5:23CR00007-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Restitution | Fine | AVAA* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $100 | 4,588.97 | $10,000 | N/A | N/A |

■   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)*
    will be entered after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified
   otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal
   victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Victim #96 | | $4,588.97 | 1 |
| **TOTALS** | $ | $4,588.97 | |

■   Restitution amount ordered pursuant to plea agreement  $_____

☒   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the
    fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of
    payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ■   the interest requirement is waived for the   ■   fine   ■   restitution.

   ■   the interest requirement for the   ■   fine   ■   restitution is modified as follows:

*     Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
**    Justice for Victims of Trafficking Act of 2015, Pub. L. No.114-22.
***   Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on
or after September 13, 1994, but before April 23, 1996.

GAS 245B  (Rev. 11/23) Judgment in a Criminal Case
DC Probation

DEFENDANT:        JC Longoria Castro
CASE NUMBER:      5:23CR00007-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☒  Lump sum payment of $ _____10,100_____ due immediately, balance due

      ■  not later than _____ , or

      ☒  in accordance  ■ C,  ■ D,  ■ E, or  ☒ F below; or

**B**  ■  Payment to begin immediately (may be combined with  ■ C,  ■ D, or  ■ F below); or

**C**  ■  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ■  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

**E**  ■  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment.
      The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:

      While on probation, the defendant shall make minimum monthly restitution payments of at least $400 per month.  Payments are
      to be made payable to the Clerk, United States District Court, for disbursement to the victim.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■  Joint and Several
    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and
    corresponding payee, if appropriate.

■  The defendant shall pay the cost of prosecution.

■  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
    United States currency seized in the amounts of $9,302; $6,000; and $1,616; a 2015 Jeep Wrangler Sahara valued at $24,074; and
    United States currency in the amount of $15,342, in lieu of forfeiture of a 2011 Ford SRW Super Duty.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.